UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:09-cv-410-KSF

GARRETT HICKS                                                                                     PLAINTIFF

VS.                                             **OPINION & ORDER**

ASPLUNDH TREE EXPERT CO., et al.                                          DEFENDANTS

* * * * * * *

Pursuant to the Court's Order of February 10, 2010, the parties have filed their briefs addressing the Court's subject matter jurisdiction over this action and the issue of whether the plaintiff fraudulently joined Chris Downs as a defendant in order to defeat diversity jurisdiction. Also pending before the Court is the plaintiff's Motion to Remand. For the reasons set forth below, the Court finds that the exercise of subject matter jurisdiction over the plaintiff's Complaint is not appropriate based on the doctrine of fraudulent joinder, and the plaintiff's Motion to Remand will be granted.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

This is a discrimination and retaliation case filed by the plaintiff, Garrett Hicks ("Hicks") against the defendants, Asplundh Tree Expert Co. ("Asplundh") and Chris Downs ("Downs") (collectively "Defendants"). Hicks filed the case with the Jessamine Circuit Court on December 7, 2009, alleging claims for (1) race discrimination/hostile work environment; (2) retaliation or unlawful discharge; (3) public policy wrongful discharge; and (4) intentional infliction of emotional distress. All of Hicks' claims are for alleged violations of the Kentucky Civil Rights Act and Kentucky common law. Asplundh was served with the summons and Complaint on

December 8, 2009.  Downs has not been served with the summons and Complaint.  Asplundh filed a Notice of Removal on December 28, 2009.  Hicks filed a Motion to Remand on February 15, 2010.  This Court ordered briefing on the issue of subject matter jurisdiction and allegations of fraudulent joinder on February 20, 2010.

**II.   ANALYSIS**

First, Asplundh argues that Downs is not a named defendant.  Second, Asplundh argues that Downs was fraudulently joined because Hicks has not properly pled a claim against Downs.  Further, Asplundh argues that removal was appropriate because Hicks never served Downs.

A case may only be removed to federal court if it could have been originally brought in federal court, and as there is no federal question, jurisdiction is only proper if the parties are completely diverse and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 1332.

Hicks, a citizen of Kentucky, filed this action in state court. While Hicks' Complaint is not necessarily eloquent, he does identify Downs as a defendant in the header and introduction.  Additionally, Hicks alleges that Downs is also a citizen of Kentucky, and therefore, complete diversity of citizenship does not exist under 28 U.S.C. § 1332.  The burden is on the defendants to show fraudulent joinder, and, as with any dispute over removal, all doubts are to be resolved against removal.  *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).  To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against the non-diverse defendant under state law.  *Id.*  The Sixth Circuit explained the relevant considerations in analyzing a claim of fraudulent joinder as follows:

> [T]he removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non-removing party. All doubts as to the propriety of removal are resolved in favor of remand.

*Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

Thus, the question before the Court is not whether Hicks will prevail at trial on his claims against Downs; moreover, the question is not even whether the Court believes that he was in fact joined to defeat diversity. *Jerome-Duncan, Inc. v. Auto-by-Tel, L.L.C.*, 176 F.3d 904, 907(6th Cir. 1999). Rather, the question is whether, resolving all ambiguities in favor of Hicks, Asplundh has shown that there is no colorable claim for predicting that Hicks could prevail in state court.

In this case, Hicks alleges that Downs terminated Hicks in retaliation for Hicks objecting to supervisors' and co-workers' alleged racist comments and for reporting them to Human Resources in violation of Kentucky Revised Statute Section 344.280. Asplundh argues that this statute does not provide for individual liability. The Kentucky statute, however, forbids retaliation by a "person" thereby providing that individuals, such as Downs, may be held individually liable for retaliation under the statute. Since Hicks has a colorable claim for prevailing in state court, this Court must remand the action. The failure of Hicks to serve Downs, if correct, is irrelevant to this Court's determination regarding subject matter jurisdiction.

### III.   CONCLUSION

Accordingly, **IT IS ORDERED** that the plaintiff's Motion to Remand [DE 7] is **GRANTED** and this matter is **REMANDED** to the Jessamine Circuit Court.

3

This March 31, 2010.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**